UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**PAMELA H.**

                        **Plaintiff,**

v.                                                    5:20-CV-00304 (NAM)

**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**
_____

**Appearances:**

Howard Olinsky
Olinsky Law Group
250 South Clinton Street, Ste 210
Syracuse, NY 13202
*Attorney for the Plaintiff*

Candace Lawrence
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
J.F.K. Federal Building, Room 625
Boston, MA 02203
*Attorney for the Defendant*

**Hon. Norman A. Mordue, Senior United States District Court Judge**

### ORDER OF THE COURT

     Plaintiff commenced this action on March 18, 2020, seeking review of the Commissioner's denial of her application for social security disability benefits under the Social Security Act. (Dkt. No. 1). The Court issued a Memorandum-Decision and Order on September 22, 2021, entering judgment in Plaintiff's favor and remanding the matter for further proceedings. (Dkt. Nos. 26, 27). Now before the Court is Plaintiff's motion for attorney's fees

1

under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 28). The Commissioner filed a response and does not oppose the requested fees. (Dkt. No. 29).

To qualify for attorney's fees under the EAJA, the plaintiff must demonstrate that: (1) she is the prevailing party; (2) she is eligible to receive an award; and (3) the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Even if an agency's position was not substantially justified, an award of fees may be reduced or denied if "special circumstances" would make an otherwise proper award "unjust." *Id.* at § 2412(d)(1)(A).

As the prevailing party, Plaintiff moves for attorney's fees in the amount of $5,847.55. (Dkt. No. 28). Specifically, Plaintiff's counsel seeks an award of fees for 24.9 hours of attorney time at a rate of $209.54 per hour, and 6.3 hours of paralegal time at a rate of $100 per hour. (Dkt. No. 28-1, p. 2). The Court has reviewed Plaintiff's submissions and finds that her request, which drew no objection from the Commissioner, is not unreasonable. In addition, based on the remand decision and the lack of any argument to the contrary, the Court finds that the Government's position was not substantially justified.

Further, Plaintiff requests that the Court make the fee award payable directly to her counsel. (Dkt. No. 28-6, p. 2). Generally, the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). However, a plaintiff has the right to assign an EAJA fee award to his/her lawyer, and where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act. *See Plisko v. Comm'r Soc. Sec.*, No. 18-CV-827, 2020 WL 3045856, at *2, 2020 U.S. Dist. LEXIS 99707, at *4 (W.D.N.Y. June 8, 2020) (citing *Kerr v. Comm'r Soc. Sec.*, 874 F.3d 926, 937 (6th Cir. 2017) ("[u]nless the government waives

application of the [Anti-Assignment Act] in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer")).

Here, Plaintiff has agreed to waive direct payment of the EAJA fees and assign the fees to be paid directly to her attorney. (Dkt. No. 28-6, ¶ 5). The Government does not oppose the assignment if "Plaintiff does not owe a debt to the government that is subject to offset." (Dkt. No. 29, p. 1). Therefore, the Court awards attorney's fees in the amount of $5,847.55 payable to Plaintiff's counsel if Plaintiff has no debt registered with the Department of Treasury subject to offset.

Accordingly, it is:

**ORDERED** that Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412, (Dkt. No. 28), is **GRANTED** in the amount of five thousand eight hundred and forty-seven dollars and fifty-five cents ($5,847.55), payable to Plaintiff's counsel.

**IT IS SO ORDERED.**

Date:   January 14, 2022
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge